1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14
15

Jo Anna Lang, PR of the estate Dick Lang,
Wife and Husband, adoptive parents of
C.L., a minor child  and R.L., a minor child,
Jo Anna Lang, guardian ad litem, for C.L.
and R.L.,

        Plaintiffs,

v.

Case No.: 3:20-cv-05057

**FIRST AMENDED** COMPLAINT

**DEMAND FOR JURY TRIAL**

16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

STATE OF WASHINGTON, DEPARTMENT
OF SOCIAL AND HEALTH SERVICES,
(DSHS) CHILD PROTECTIVE SERVICES,
(CPS),  Kaytena Gonzalez, individually and
MARK AUSTIN GONZALEZ and as a marital
community, Pamela Williams, individually,
and Alan Robert Evans individually and as
a marital community, Jennifer White and
John DOE White individually and as a
marital community, Laura Caruso, John
Doe Caruso, individually and as a marital
community; Sarah Coshow, and JOHN
DOE Coshow, individually and as a marital
community, Janelle E. Redmond and
JOHN DOE Redmond, individually and as

COMPLAINT - 1

| | |
|---|---|
| 1 | a marital community, Larraine Martinez, |
| 2 | and JOHN DOE Martinez, individually and |
| 3 | as a marital community, Beth A. Kutzera, |
| 4 | and JOHN DOE Kutzera, individually and |
| 5 | GLENN T. KUTZERA as a marital community, |
| 6 | J. Aaron Merino, and JOHN DOE Merino; |
| 7 | Jaimee Scheffler, individually and JOHN |
| 8 | DOE Scheffler as a marital community, |
| 9 | And, |
| 10 | Office of the Attorney General, State |
| 11 | Agency, Danial Hsieh, AAG |
| 12 | And, |
| 13 | |
| 14 | Vancouver Police Department, |
| 15 | And, |
| 16 | Cowlitz County Sheriff's Department, |
| 17 | And, |
| 18 | |
| 19 | Eimiko Murlin and Jeff Ian Murlin, |
| 20 | individually and as a marital community, were foster parents of C.L. |
| 21 | And, |
| 22 | |
| 23 | Steve Vallembois, Jimmy Howard, Foster Parents for R.L., Individually, |
| 24 | And, |
| 25 | |
| 26 | Court Appointed Special Advocate, CASA, its agent Kathy A. Shirilla, |
| 27 | And, |
| 28 | |
| 29 | Kimberly Copeland, MD, Legacy Salmon |
| 30 | Creek  Medical Center, |

COMPLAINT - 2

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison  Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

1
2

Defendants.

3

## I.   INTRODUCTION

4
5
6
7
8

COMES NOW the above-named Plaintiffs, by and through their attorney of record, KEVIN L. JOHNSON, P.S., Attorney & Counselor at Law, for causes of action against all of the above-named Defendants. Counsel for Plaintiffs would like to introduce you to R.L. and C.L. Exhibits A & B.

9
10
11
12
13
14
15
16
17
18
19

This is a civil action commenced pursuant to 42 U.S.C. § 1983 to redress Plaintiffs' civil rights secured to the Plaintiffs, Dick Lang (now deceased), Joanna Lang as  community and as a parent of (R.L) (C.L.). Defendants, deprived Plaintiffs of their federal and state constitutional and statutory rights while acting under "color of law", unlawfully removed and detained R.L. and C.L. from their non-abusive home and placed them in separate abusive homes, absent a warrant and without probable cause, or exigent circumstances, in deprivation of rights protected by the Constitution, laws of the United States, complain and alleges as follows:

20

## II. SUBJECT MATTER JURISDICTION

21
22
23
24
25
26
27
28
29
30

1.     Before commencing suit against a government entity in Washington, a Plaintiff is required to file a standard claim form with the Office of Risk Management. RCW 4.92.100. No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity for damages arising out of the tortious conduct until sixty calendar days had elapsed after the claim is presented to the Office or Risk Management in the Department of Enterprise Services." RCW 4.92.110. Plaintiffs have

COMPLAINT - 3

filed four torts claim forms which were received by the Office of Enterprise Services on August 30, 2019, sixty calendar days have elapsed. Exhibits 1,2,3,4.

2.    The Office of Risk Management and the Attorney General are required to collaborate in the investigation, denial, or settlement of the claim. RCW 4.92.210.  To date, the state of Washington has not communicated with the Plaintiff in an effort to resolve Plaintiff's claims.   Hearing no prospects of resolution from the State of Washington, Plaintiffs filed this lawsuit.

## A.    FEDERAL JURISDICTION

3.    Jurisdiction of the Federal Court attaches under 42 U.S.C. §1983;  Jurisdiction is conferred on this court by 28 U.S.C. § 1343(3) and 1343(4), which provide for original jurisdiction in this court of all suits brought under § 1983; in that the causes of action arise under the Constitution and laws of  the United States; and 28 U.S.C. § 1367, in that causes of action arising under state law, are so related to the claims within the original jurisdiction of the court that it  forms a part of the same case or controversy under Article III § 2 of the Federal Constitution.

## B.    SUPPLEMENTAL JURISDICTION

4.    The Plaintiffs request the court exercise supplemental jurisdiction over State Law claims under 28. U.S.C. § 1367 for violations of Washington Constitution, art. 1 § 10; RCW 13.34.020, RCW 13.34.050, RCW 26.44.030(1)(iii), Fraud Chapter 9A.60 RCW, Perjury, Negligent Investigation, Harmful placement, defamation, discrimination under Title VII of the U.S. constitution codified at 42 U.S.C § 2000e,  and for Injunctive relief.

COMPLAINT - 4

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

5.    All Defendants' actions caused a deprivation of Plaintiffs' constitutional rights and proximately caused personal injuries and damage to all Plaintiffs.

### III. PERSONAL JURISDICTION

6.    The Plaintiffs are citizens of the state of Washington and reside in Vancouver, Washington within the jurisdiction of the Western District Federal Court.

7.    Most individual Defendants are state actors/officials, working on behalf of a State Agency, Department of Social and Health Services (DSHS) Child Protective Services (CPS) located in Vancouver, Washington.

8.    Defendants are also Vancouver Police acting on behalf of the City of Vancouver in the State of Washington.  Defendant is a  municipality and Plaintiffs assert that it violated a city or county custom or policy that caused the constitutional deprivation to Plaintiffs' civil rights.

9.    Defendant, Cowlitz Sheriff's Department is a  municipality and Plaintiff asserts that there was a violation of a city or county custom or policy that caused the constitutional deprivation of Plaintiffs' civil rights.

10.    A claim for damages form was submitted to both Defendants, Vancouver Police and the Cowlitz Sheriff's Department, hearing no response, Plaintiff  filed this lawsuit.

11.    Defendant Dan Hsieh is a "state actor" who at the time was working as an Assistant Attorney General, for the State Attorney General's Office located in the State of Washington.  He was complicit in the misconduct which caused a constitutional deprivation of Plaintiffs' constitutional rights.

COMPLAINT - 5

12. Eimiko Murlin and Jeff Ian Murlin, individually or as a martial community, were the foster care parents for C.L. and complicit in the constitutional deprivation of Plaintiff's rights.

13. Steve Vallembois, Jimmy Howard, foster parents of R.L., individually and as a community was complicit in the constitutional deprivation of Plaintiff's rights.

14. Kathy A. Shirilla, is an agent of the Court Appointed Special Advocate (CASA) and was complicit in the constitutional deprivation of Plaintiff's rights.

15. Kimberly Copeland, MD, an agent of Legacy Salmon Creek Medical Center, and a vendor of DSHS-CPS was complicit in the constitutional deprivation of Plaintiff's rights.

## IV. Venue

16. All acts by the Defendants arose in Clark County, Washington located within the Western Federal District Court at Tacoma pursuant to 28 U.S.C. § 1391. Upon information and belief, all Defendants reside or do business in the State of Washington, and all of the events or omissions giving rise to Plaintiff's claims occurred in this federal district.

## V. STATEMENT OF THE CASE

17. The legislature has declared that the family unit is a fundamental resource of American life which be nurtured. The legislature further declared that the family unit should remain intact unless a child's right to conditions of basic nurture, health or safety is jeopardized... RCW 13.34.020.

18. Under this declaration, the bond between a child and his parents...is of paramount importance and any intervention into the life of the child is also an

COMPLAINT - 6

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

1
2
3
4

intervention into the life of the parents... Plaintiffs allege that Defendant DSHS-CPS with the help of the other defendants, separated and detained R.L. and C.L. from their mother and father for 425 days. From February 3, 2017 to April 4, 2018.

5
6
7

19.     For over 30 years, Plaintiffs' Dick and JoAnna Lang open their hearts and home and adopt minority special needs children.

8
9
10
11
12
13
14

20.     On January 31, 2017 and February 1, 2017 Defendant CPS received an anonymous telephone referral, Intake # 3534736 regarding the Plaintiffs Dick and JoAnna Lang's' alleged mistreatment of R.L. *Exhibit 5.* Thereafter, DSHS conducted an investigation that led to the removal of R.L. and C.L. from Plaintiff's home placing the children in two separate foster homes.

15
16
17
18
19
20
21
22
23

21.  On Thursday,  February 2, 2017 at approximately 10 a.m., CPS, Social Workers,  Kaytena Gonzalez and Pamela Williams along with a Vancouver Police banged on Plaintiff's front door.  Joanna Lang answered the door. After the Vancouver Police saw and spoke R.L., the Police refused to take R.L. & C.L. into protective custody.   CPS never informed Plaintiffs why they were at Plaintiff's' home. Under CPS policy it is the duty of CPS to inform the Plaintiffs at the "point of contact",  why they were at Plaintiffs' home and CPS nor the Vancouver police had a warrant.

24
25
26
27

22. On February 2, 2017 Kaytena Gonzalez, Pamela Williams and Vancouver Police gave Plaintiff JoAnna Lang a hand-written note demanding that  she take R.L. to Legacy Salmon Creek ER for a full checkup.  Exhibit 6.

28
29

23.     At that point the Home School Legal Defense Association (HSLDA) advised Plaintiff, Ms. Lang to take R.L. to his regular pediatrician. Exhibit 7.

30

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison  Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

1    24.    On February 2, 2017, after the visit, with Charles Fuchs M.D. he called

2    CPS to inform them that there was no problem with R.L. He does not remember who he

3
4    spoke with. However, independent evidence indicates that Dr. Fuchs spoke with Ms.

5    Pamela Williams and Dr. Fuchs informed her that he had "no concerns" regarding R.L.

6    returning home with JoAnna Lang. Exhibit 8.

7
8    25.    Plaintiff, JoAnna Lang then emailed the doctor report to HSLDA who

9    shared the report with the Danial Hsieh AAG who on February 3, 2018 filed a motion to

10   take R.L. into custody and place in foster care. Cause #17-7-00038. Sometime later

11   C.L. was added to the motion. Cause # 17-7-00039-8. The order for R.L. was not
12
13   dated. But, the order for D.L. and C.L. was dated. The undated order appears to be a

14   copy. Exhibit 9.    On February 3, 2017 the Dan Hsieh, AAG filed a dependency

15   petition for R.L. Exhibit 10.
16
17   26.    On May 22, 2018 the dependency petition was denied. This denial

18   included C.L. Exhibit 11.

19   27.    Dr. Fuchs informed Plaintiff, JoAnna Lang  why CPS  came to her home.
20
21   Dr. Fuchs discussed with  JoAnna Lang  if "she homeschools" R.L. and if  R.L. spends a

22   lot of time in his room and he's thin." Plaintiff agreed with Dr. Fuchs. Plaintiff, JoAnna

23   Lang, observed Dr. Fuchs' demeaner and observed that he looked surprised  at Ms.
24
25   Lang's response. Ms. Lang explained, yes we homeschool, and R.L. is 13 years old and

26   does most of his schoolwork in his room.  R.L. has a computer and desk in his room.

27   His thinness comes from a reaction due to the medications he was taking.
28
29   28.  R.L. just started his new Rx in late October 2017 and these SSRI drugs can

30   take several weeks to start working. The medications R.L. was taking over the years it is

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

documented that his weight fluctuates. The worst weight loss was in 2014 when he was taking Adderall.

29.     During this exam, Dr. Fuchs found that R.L. was more personable and was smiling and talking to mom. Exhibit 8.  Dr. Fuchs, indicated that R.L had also *gained weight* since his October well-check/Immunizations.  Exhibit 12.

30.     After 2/2/2017 both DSHS-CPS and the AAG received oral and/or written communication from Charles E. Fuchs M.D. after he examined R.L. *id*.

31.     On 2/3/17 CPS took R.L. and C.L. to Legacy Salmon Creek Hospital ER where they both  underwent "child abuse specific exams" without the Plaintiffs' knowledge or presence. Both R.L. and C.L. were examined by Tam T. Vuong M.D. who opined after the examination R.L. & C.L. "No signs of Physical Abuse"…"Safe to go Home" and "follow up with "their" pediatrician Charles E Fuchs M.D." "No "signs of abuse" "no malnourishment" "No medical concerns" "safe to go home". Exhibits 12 &13

32.     Defendant DSHS-CPS had medical opinions from two doctors. Dr. Fuchs, Plaintiff's pediatrician, Dr. Vuong, the States' Doctor and would not let the children return home to their parents.

33.     2/3/17 Kaytena Gonzalez falsely reported to "Adult Protective Services"(APS) that Plaintiff, Dick Lang was a vulnerable adult. Later APS closed the file because Mr. Lang did not meet the criteria.  It is alleged that this referral was made the same day DSHS-CPS and the Vancouver Police seized and detained  R.L. and C.L. from Plaintiffs home. Exhibit 14.

COMPLAINT - 9

34.    On February 3, 2017 the Ex Parte Pick-up Order to take R.L. and C.L. into custody did not allow entry into Plaintiffs' home by the Vancouver Police Officers or DSHS CPS social workers. The Declaration from Ms. Gonzalez attached to the petition and approved by the AAG was replete with false misinformation that amounted to false certification in violation of RCW 9A.60.050. Exhibit 15.

35.    A Vancouver police officer threatened to go get a warrant and when they came back, he would *"kick the door down".* Out of fear and intimidation, and for the safety and protection of C.L. and R.L., Jo Anna Lang let the four police deputies and three DSHS-CPS social workers  into  Plaintiffs' home.  They proceeded to search the Lang's home and seized R.L. and C.L. and property.   At no time did they have a warrant. Exhibit 16.

36.    On Sunday, at 2:15 pm on February 5, 2017 Defendant CPS Social Worker, Kaytena Gonzalez arrived at Plaintiff's front door again and handed Ms. Lang two smaller envelopes. Inside was a brief letter/note about a Family Team Decision Meeting (FTDM) scheduled for the next morning at DSHS-CPS. Accompanying Plaintiffs to this meeting were Pastor Jeff Leveton, his wife Holly, Kathryn Landers, Grandma Belva Griffin and Wilma Jackson. Exhibits 17, A,B,C. The foster mother of C.L. was also in the meeting. Under the Washington Administrative Code (WAC) the foster mother is not allowed to attend the "Family" meeting without the Plaintiffs' consent. DSHS did not get Plaintiff's consent prior to the family meeting.

37.    The FTDM is must occur not less than 24 hours before the Shelter Care hearing. RCW 13.34.062 (2) (b) and § (9) which states that "receipt shall be made a part of the court's file in the dependency action." Plaintiffs  did not receive notice of the 72

COMPLAINT - 10

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison  Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

1    Hour Shelter Care Hearing and did not receive a receipt of the notice that was

2    supposed to be part if the court file. This notice violated the 24-hour rule. Exhibit 17.

3

4          38.    On 02/07/2017 the Plaintiffs heard of the Shelter Care Hearing in the

5    FDTM meeting in violation of RCW 13.34.062.  Exhibit 17A

6          39.    Defendants, DSHS-CPS and the AAG were aware of the medical opinions

7
8    from Dr. Fuchs and Dr. Vuong  medical doctors at the 2/7/17 Shelter Care hearing but

9    the State failed to introduce this exculpatory evidence that it had in their possession on

10   three different occasions.  Namely,  the court hearings at 3/1/17 (no trip for C.L. to Six

11
12   flags), 3/30/17 (suspension of visits) 7/28/17 (motion to dismiss C.L.).

13         40.    On December 15, 2017 the Commissioner ruled that the State prevailed.

14   The Assistant Attorney General (AAG)failed to be candid with the tribunal and disclose

15   the results of the exculpatory medical examinations.
16

17         41.    On February 23, 2017, CPS reported that JoAnna Lang abused Dick Lang

18   to Adult Protective Services (APS). Next DSHS-CPS gets the Children's Justice Center

19   (CJC) involved to prosecute JoAnna Lang for maltreatment of R.L. and C.L. On

20
21   February 28, 2017, Adult Protective Services (APS) "closed" the complaint and

22   investigation regarding Dick Lang.  On June 11, 2018 the prosecutor's office found that

23   there is insufficient evidence to pursue prosecution.  Exhibit 14 C.

24
25         42.    On March 21, 2017 the Foster parents tried to take C.L. out of state to 6

26   Flags in California. Plaintiffs prevailed, and DSHS sent C.L. to respite. Not home, when

27   the exculpatory evidence from Drs. Fuchs and Vuong opined that R.L. and C.L. were

28   safe to return home.
29

30         43.    On March 30, 2017 "Eight (8) days later" DSHS-CPS and the AAG

motions the court to suspend *all* Plaintiffs visits with both R.L. and C.L.

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

44.    The agency shall encourage the maximum parent and child and sibling contact possible, including regular visitation and participation by the parents in the care of the child in placement. It is alleged that Kathy Shirilla agent for CASA read a letter in open Court from Dr. Copeland who opinioned that Plaintiff should have no visitation. Dr. Copeland never saw or treated C.L. and did not appear at the hearing. Kathy Shirilla made allegations that she never mentioned at the March 21, 2017 hearing.  Based on those new allegations, Commissioner Carin Schienberg suspended half of Plaintiffs visits.  Plaintiff's "Therapeutic" visits for the family never happened.  During the hearing, R.L. asked for more visits with Parents and to see his brother, C.L., but "the social worker, Aaron Merino and CASA Kathy Shirilla failed to set them up". (Documented at supervised visitation.).

45.    CASA breached its duty to Plaintiffs when she failed to provide visitation in the best interest of the children knowing about the special needs of the children or other circumstances which affect Plaintiffs ability to respond to those needs.

46.    On April 3, 2017 DSHS-CPS gives Plaintiffs Dick & Joanna Lang a "founded" finding for "negligent treatment and maltreatment" for R.L. only. Never anything about C.L., because no investigation took place.  Understanding that DSHS-CPS must take both children on reporting of abuse and negligent, the exculpatory evidence from the Doctors on February 2 & 3, 2017, that DSHS-CPS had in their possession, should have stopped the events from occurring.

47.    On June 9, 2017 at a supervised visit, R.L. commented that "he could stay there all day" meaning at the visitation center, because he wanted to be with his

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

parents. The Supervisor heard this comment but failed to write it in her notes she was required to do.

48.     During a supervised visit at CPS on  September 15, 2017, R.L. indicated that *"he wants to come home".* R.L. expressed this feeling on numerous occasions to different people at Family Solutions and Innovation Services.  DSHS-CPS  did nothing.

43.     DSHS-CPS and the AAG had a duty to investigate the evidence from Private Investigator, Laura Andersen's report and declaration, but failed in their duty to act upon an independent investigation that involved the Foster Parents of C.L. Exhibit 18.

49.     DSHS-CPS and the AAG had police report(s) of an abuse investigation of the Foster Parents and police reports of the Foster Parents whose house caught fire when they left the children in the home with no adult supervision.  Apparently a 9-year-old started the house fire when C.L. was in the Foster home but failed in their duty to act upon the situation.  As a consequence, C.L.'s health deteriorated while he languished for nearly 6 months living in a travel trailer outside the foster care home.  C.L. was living in a travel trailer that was not in compliance with WAC110-148-1470 which addresses room sizes and living conditions. Exhibit 19.

50.     On June 30[th,] 2019 Dick Lang died of a stress related conditions proximately caused by DSHS-CPS and AAG and all other Defendants' conduct.

## VI. CAUSES OF ACTION

### 1.      DEPRIVATION OF PLAINTIFFS CIVIL RIGHTS UNDER §1983

51.     Plaintiffs alleges that Defendants DSHS-CPS acting under the "color of state law" deprived Plaintiff civil rights under the 4th amendment right guaranteed by the

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

1  Constitution of the United States, Article I § 7 of the Washington Constitution, when the

2  Defendants, State Actors, City actors, and agency actors entered and searched the

3
4  Plaintiff's home without a warrant, seized R.L. and C.L. and took property belonging to

5  the Plaintiff. Exhibit 9.

6      52.    As a direct and proximate cause of the Defendants, violation Plaintiffs' civil

7
8  rights, Plaintiffs suffered damages, the likes of which are continuing.

9              2.              DEPRIVATION OF PLAINTIFF'S
                                     PROSEDURAL
10                               DUE PROCESS RIGHTS

11
12     53.    Fathers and Mothers should not be deprived of parental rights.  Plaintiffs

13  allege that DSHS-CPS breached it duty to investigate the reliability of the  referrals

14  before it determined that the allegations were founded.  Exhibit 18.

15     54.    DSHS-CPS entered the Plaintiffs name into the Central Register Case

16
17  Management Information System  (CAMIS) depriving plaintiffs of their civil rights without

18  substantive or procedural due process in violation of Plaintiffs' 4th amendment right to

19  due process.  DSHS-CPS knew or should have known that the anonymous referral was

20
21  from a person who was declared incompetent on December 28, 2017.  Exhibit 19.

22     55.    As a direct and proximate cause of the Defendants' deprivation Plaintiffs

23  substantive and procedural rights, and negligent investigation. Plaintiffs suffered

24  damages, the likes of which are continuing.
25

26              3.      VIOLATION OF RCW 26.44.020(1)

27     56.    Defendant DSHS-CPS has a duty to protect R.L. from child abuse.  DSHS

28  placed R.L. in a Foster Home with Defendant, Steve Vallembois.  One evening, Mr.
29

30

COMPLAINT - 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Vallembois asked R.L. to come outside of a restaurant.  When R.L. was outside, Steve Vallembois said to R.L.: 'if you were my kid I would "slap the s--t" out of you!'

57.    On February 5th, 2017, Defendant Foster Parent, Jimmy Howard, stripped searched R.L. looking for injuries or burses despite the fact that R.L. underwent a child abuse specific exam two days prior on February 3rd, 2017.

58.    As a direct and proximate cause of the Defendants' violation of RCW 26.44.020(1), Plaintiffs suffered damages, the likes of which are continuing for an undetermined amount of time:   a. Mental pain and suffering; b. emotional distress; and c. loss of enjoyment of life.

59.    In Washington the right to family association includes the right of parents to make important medical decisions for their children and of children to have those decisions made by their parents rather than the state.  Plaintiffs alleges that the Defendant made important medical decisions for R.L. without the Plaintiffs' consent or notification.  DSHS-CPS and the Foster parent led R.L. to believe that he was going to a camp for foster kids.  The foster parent took R.L. to Dr. Eisenfeld who gave R.L. a shot before camp.  Later R.L. found out  that the camp was for children or family members with aids or HIV.  R.L. nor the Lang family have AIDS or HIV.  Exhibit 20.

60.    As a proximate cause of finding this out, R.L. was distraught and suffered mental and emotional damages the likes which are continuing.

4.    VIOLATION OF RPC 3.3(c)(f), 8.4(d)

61.    Plaintiffs alleges that Defendant Dan Hsieh (AAG) is a State Actor.  The AAG proceeded with an exparte motion supported by a false declaration and negligent investigation seeking an order to remove R.L. and later C.L. from Plaintiff's home. It was

COMPLAINT - 15

signed on February 3rd, 2017, when both DSHS-CPS and the AAG knew about the exculpatory evidence from Dr. Charles E. Fuchs M.D. and Dr. Vuong opining that there were no concerns nor any reasonable cause to believe that C.L. was in imminent danger. The AAG failed to present this evidence to the Court.

62.     Defendants' breached it duty to the Plaintiffs and a direct and proximate cause of the AAG's failure/omission, Defendants violated the above RPC 3.3(c)(f), 8.4(d).   Plaintiffs suffered damages the likes of which are continuing.

## 5.     HARMFUL PLACEMENT

63.     Plaintiffs alleges that Defendants, Foster Parents, Eimiko Murlin and Jeff Ian Murlin had a duty to protect C.L.  Defendants were negligent when taking care of C.L.  C.L. and other children were left unsupervised when a 9-year-old started a fire that burned the home. C.L. had to stay in motor homes unauthorized by WAC 110-148-1470. Exhibit 20.

64.     Both Foster Parents were observed by an independent investigator traveling over 80-90 miles per hour with C.L. in the automobile. Exhibit 20.

65.     C.L. was malnourished as you could observe his bones protruding from his chest, ribs, and back, along with numerous other injuries. The State Foster Care system treatment of C.L. constitutes "abuse and neglect" in violation of RCW 26.44.020(1), RCW 26.44.020(14), WAC 388-15-009, by placing C.L. with these foster parents, DSHS negligently and unreasonably created a foreseeable risk of harm to C.L. Exhibit 21.

66.     As a direct and proximate cause of the Defendants violation of the above statutes and regulation, Plaintiff suffered damages, the likes of which are continuing.

COMPLAINT - 16

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

1

5(a)    SUBSTANTIVE DUE PROCESS

2

3

4

5

6

7

8

Joanna Lang, Dick Lang, R.L. and C.L., has a state-created liberty interest in the

social workers supervision of children in foster homes to be free from the infliction of

unnecessary pain.  Plaintiff allege that the Defendants violated Plaintiffs liberty interest

when it intentionally ignored the Doctor's exculpatory medical opinions and kidnapped

R.L. and C.L. for 425 days.

9

10

As a direct and proximate cause of Defendants violation of Plaintiffs' substantive

due process rights, Plaintiff is  suffering severe emotional distress that continues.

11

12

6.    DEFAMATION

13

14

15

16

17

18

67.    DSHS-CPS reported that Plaintiff, JoAnna Lang had mental problems and

possible neglect in caring for R.L. and C.L. Exhibit 22. All of these statements made by

the Defendant DSHS-CPS about JoAnna Lang were false and were communicated to

third parties  which put Plaintiff in a false light in the community and damaged her

reputation. Exhibit 14.

19

20

21

22

23

24

25

26

68.    Furthermore, Defendant DSHS-CPS (Ms. Gonzalez) falsely reported

JoAnna Lang to Adult Protective Services (APS) for allegedly abusing Dick Lang, her

husband. APS closed the file deciding that there was no abuse because Mr. Lang did

not  meet legal criteria as a vulnerable adult.  Additionally, on June 11, 2018, the

Prosecutor's Office found that there was insufficient evidence to pursue successful

prosecution of child abuse against the Plaintiffs.  Exhibit 14, A.

27

28

29

30

69.    As a direct and proximate cause of the Defendants, DSHS-CPS

communicating  false information in reckless disregard of the truth to third parties, put

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison  Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

Plaintiff in a false light in the community. Plaintiff suffered damages, the likes of which are continuing.

## 7.    WRONGFUL DEATH, RCW 4.20.010

70.    Plaintiff alleges that the relationship between R.L. and C.L. and Dick Lang is of paramount importance and any intervention into the life of the child is also an intervention into the life of the parent.

71.    Plaintiffs allege that the wrongful acts by Defendants DSHS-CPS, and AAG caused overwhelming stress on the Plaintiff, Dick Lang. He died on June 30, 2019.

72.    As a direct and proximate cause of the wrongful acts by Defendants, Dick Lang died of stress related conditions. Plaintiff JoAnna Lang, the minor children R.L. and C.L. suffered damages. The likes of which are continuing. Jo Anne Lang, guardian for C.L. and R.L. and the executor of Dick Lang's estate to redress decedent's damages, including any pain and suffering between the time of the deprivation by the state actors, to the time of death.

## 8.    NEGLIGENT INVESTIGATION

73.    It is fundamental that the custody, care, and nurturing of a child, first reside in the parents, whose primary function and freedom include preparation of the obligations the state can neither supply nor hinder. Alleges that Defendant seized their children from their home and placed them in two separate and abusive foster homes. Exhibit 18 & 19.

74.    As a direct and proximate cause of placing R.L. and C. L.  in two separate foster and abusive foster homes, the children and parents suffered severe damages, the likes of which are continuing.

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066

## 9.   DISCRIMINATION

75.    Plaintiffs Dick and Joanna are Jewish.  R.L. and C.L. are minority children with special needs.  Plaintiffs allege that the Defendant made their adverse Foster Home placement decision based on a racial and religious animus in the removal of R.L. and C.L. from the non-abusive home and placing them in an abusive home where C.L. was restrained  by the Foster Parent, and R.L. was stripped searched. Additionally, C.L. never received his wheelchair.  It is alleged that DSHS-CPS gave C.L.'s will chair to a Caucasian child.

76.    As a direct and proximate cause of Defendant's negligent investigation, Plaintiffs suffered physical and emotional damages, that likes of which are continuing.

## VII. DEMAND

WHEREFORE, the Plaintiff prays for Judgment against all  Defendants, as follows:

1.        For any and all relief authorized under the federal statute, state statute, and municipal ordinance.

2.        For general damages in an amount to be determined at the time of trial;

3.        For special damages in an amount to be determined at the time of trial;

4.        For Plaintiff's costs and Attorney's fees;

5.        For punitive damages for the intentional and spiteful conduct against the Plaintiffs;

6.        For leave of Court to amend the Complaint as discovery proceeds;

7.         For such other relief as the Court deems just and equitable.

COMPLAINT - 19

8.       For injunctive relief to in enjoin this behavior against plaintiffs'   A protective order against the State of Washington, DSHS-CPS.

9.       Pre-judgment interest.

DATED this 2 day of February 2020

KEVIN L. JOHNSON, WSBA #24784
Attorney for Plaintiffs

COMPLAINT - 20

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, Washington 98502
(360) 753-3066