THE HONORABLE BENJAMIN H. SETTLE

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

Jo Anna Lang, PR of the estate Dick Lang, Wife
and Husband, adoptive parents of C.L., a minor
child and R.L., a minor child, Jo Anna Lang,
guardian ad litem, for C.L. and R.L.,,

10

Plaintiffs,

11

v.

12
13

STATE OF WASHINGTON, DEPARTMENT
OF SOCIAL AND HEALTH SERVICES,
(DSHS) CHILD PROTECTIVE SERVICES,
(CPS), Kaytena Gonzalez, individually and
MARK AUSTIN GONZALEZ and as a marital
community, Pamela Williams, individually, and
Alan Robert Evans individually and as a marital
community, Jennifer White and John DOE
White individually and as a marital community,
Laura Caruso, John Doe Caruso, individually
and as a marital community; Sarah Coshow, and
JOHN DOE Coshow, individually and as a
marital community, Janelle E. Redmond and
JOHN DOE Redmond, individually and as a
marital community, Larraine Martinez, and
JOHN DOE Martinez, individually and as a
marital community, Beth A. Kutzera, and JOHN
DOE Kutzera, individually and GLENN T.

14
15
16
17
18
19
20
21
22
23
24
25

Case No.: 3:20-cv-05057

DEFENDANTS KIMBERLEY COPELAND,
MD, AND LEGACY SALMON CREEK
MEDICAL CENTER'S RESPONSE TO
[DKT. 33] PLAINTIFF'S CROSS-MOTION
AND REPLY IN SUPPORT OF [DKT. 30]
MOTION TO DISMISS UNDER FRCP
12(b)(6)

**NOTED FOR CONSIDERATION:
September 4, 2020**

DEFENDANTS KIMBERLEY COPELAND,
MD, AND LEGACY SALMON CREEK
MEDICAL CENTER'S RESPONSE TO [DKT.
33] PLAINTIFF'S CROSS-MOTION AND
REPLY IN SUPPORT OF [DKT. 30] MOTION
TO DISMISS UNDER FRCP 12(b)(6) - 1

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800 · f. 253-272-0386

KUTZERA as a marital community, J. Aaron
Merino, and JOHN DOE Merino; Jaimee
Scheffler, individually and JOHN DOE
Scheffler as a marital community, And,
Office of the Attorney General, State Agency,
Danial Hsieh, AAG
And,
Vancouver Police Department,
And,
Cowlitz County Sheriff's Department,
And,
Eimiko Murlin and Jeff Ian Murlin, individually
and as a marital community, were foster parents
of C.L,
And,
Steve Vallembois, Jimmy Howard, Foster
Parents for R.L., Individually,
And,
Court Appointed Special Advocate, CASA, its
agent Kathy A. Shirilla,
And,
Kimberly Copeland, MD, Legacy Salmon Creek
Medical Center,

Defendants.

1.   **Introduction**

Plaintiffs purport to have filed a "Cross-Motion" and "Response" to Defendants Dr. Kimberley

Copeland's and Legacy Salmon Creek Medical Center's Motion to Dismiss for Failure to State a Claim

("Defendants' Motion") (Dkt. 30) on August 25, 2020. See Dkt. 33. However, Dr. Copeland's name or

actions allegedly at issue are completely absent from Plaintiffs' brief. (Dkt. 33.) In actuality, Plaintiffs

have failed to file anything in response to Defendant Dr. Copeland's Motion to Dismiss for Failure to

State a Claim by Monday, August 31, 2020, the deadline established by local rule. LCR 7(d)(3).

DEFENDANTS KIMBERLEY COPELAND,
MD, AND LEGACY SALMON CREEK
MEDICAL CENTER'S RESPONSE TO [DKT.
33] PLAINTIFF'S CROSS-MOTION AND
REPLY IN SUPPORT OF [DKT. 30] MOTION
TO DISMISS UNDER FRCP 12(b)(6) - 2

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  ·  f. 253-272-0386

Nonetheless Plaintiff's own Cross-Motion for judgment based only on their own pleadings in an attempt to preemptively yield Rule 12(c) against Defendants, is also entirely improper and deficient with regard to Dr. Copeland. Again of note, nothing in a single docket to this suit has mentioned Legacy Salmon Creek Medical Center's ("Legacy Medical") alleged role in Plaintiffs' claim. Defendants nonetheless reply in support of their Motion to Dismiss (Dkt. 30).

## 2. **Plaintiffs Cannot Move for Judgment on the Pleadings Under FRCP 12(C).**

Procedurally, Plaintiffs cannot move for judgment on the pleadings under FRCP 12(c) because there have been no pleadings besides their own Complaint and First Amended Complaint (FAC). Motions under Rule 12(c) may be advanced only "[a]fter the pleadings are closed." FRCP 12(c). Pleadings are defined as complaints, third-party complaints, and answers to complaints, counterclaims, and cross-claims. FRCP 7(a)(1)-(7). By definition, a Rule 12(b)(6) motion is not a pleading. Id. For this reason, a plaintiff may not seek judgment on the pleadings before a defendant files an answer. *Poliquin v. Heckler*, 597 F. Supp. 1004, 1006 (D. Me. 1984) ("the pleadings are not closed until after the defendant has filed an answer," meaning plaintiff cannot invoke Rule 12(c) until then). A plaintiff has the option of seeking default against a defendant who "has failed to plead or otherwise defend," FRCP 55(a), but a Rule 12(b)(6) motion is an accepted way of "defend[ing]" that precludes a plaintiff from seeking default. *See Havensight Capital LLC v. Nike, Inc*., 891 F.3d 1167, 1169 (9th Cir. 2018) (affirming Rule 11 sanctions against attorney who attempted to seek default multiple times after defendant filed Rule 12(b)(6) motion). As of today, no defendant has filed an answer pleading, meaning that Plaintiff is unable at this stage to seek judgment on the pleadings against any defendant.

Consequently, Plaintiff's brief (Dkt. 33) can only—at best—properly be treated as a response to Defendants' Motion to Dismiss. Even then, Plaintiff's brief does not function as a response to

DEFENDANTS KIMBERLEY COPELAND, MD, AND LEGACY SALMON CREEK MEDICAL CENTER'S RESPONSE TO [DKT. 33] PLAINTIFF'S CROSS-MOTION AND REPLY IN SUPPORT OF [DKT. 30] MOTION TO DISMISS UNDER FRCP 12(b)(6) - 3

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  ·  f. 253-272-0386

Defendants' Motion (Dkt. 30) in any way except by token reference to Docket 30 in the ECF filing website, and by a generalized reference to "defendants" in each heading of their Reply to City of Vancouver's Motion to Dismiss. (See Dkt. 33.) The caption and content of Plaintiff's brief (Dkt. 33) fail entirely to mention Dr. Copeland or any aspect of Dr. Copeland's purported role in this suit—let alone address the substance of Dr. Copeland's Motion or make any reference to the claim contained in the FAC.

3. **In a Properly Filed 12(C) Motion by a Plaintiff Against a Defendant, All Factual Allegations in All the Pleadings Must Be Treated as True, and Reasonable Inferences Must Be Drawn in Favor of the _Defendant_.**

In the hypothetical case that this were a properly filed 12(c) that mentioned Dr. Copeland in any way, Plaintiffs further misstate the law as applied in _Rose v. Chase Bank USA, NA_, 513 F.3d 1032 (9th Cir. 2008) by proposing that the Court is required to accept all allegations in Plaintiffs' Complaint as true for purposes of Plaintiffs' own motion. (Dkt. 33 at 4.) _Rose v. Chase Bank USA_ merely applies the ordinary rule that a Plaintiff's well-pleaded allegations are accepted as true for purposes of a defendant's Rule 12(c) motion. _Rose_, 513 F.3d at 1036. This, as the Ninth Circuit has explained for years, is the same standard applied by a court when presented with a Rule 12(b)(6) motion. _Harris v. County of Orange_, 682 F.3d 1126, 1131 (9th Cir. 2012); _Dworkin v. Hustler Magazine Inc_., 867 F.2d 1188, 1192 (9th Cir. 1989). It is well established that a court confronted with a Rule 12(b)(6) or Rule 12(c) motion must accept the truth of all factual allegations and reasonable inferences in the pleadings and must construe those allegations and inferences in the light most favorable to the non-moving party. _Adams v. Johnson,_ 355 F.3d 1179, 1181 (9th Cir. 2004). Thus, in a properly filed 12(c) motion by a

DEFENDANTS KIMBERLEY COPELAND, MD, AND LEGACY SALMON CREEK MEDICAL CENTER'S RESPONSE TO [DKT. 33] PLAINTIFF'S CROSS-MOTION AND REPLY IN SUPPORT OF [DKT. 30] MOTION TO DISMISS UNDER FRCP 12(b)(6) - 4

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA 98402
p. 253-328-7800 · f. 253-272-0386

plaintiff against a defendant, all factual allegations in *all* pleadings must be treated as true, and reasonable inferences must be drawn in favor of the *defendant*.

On the other hand, in considering Plaintiffs' brief as a Reply to Defendants' Motion, conclusory allegations of law and unwarranted inferences are insufficient to defeat Defendants' properly filed Motion to Dismiss under Rule 12(b)(6). *Id.* With their scant token reference to Dkt. 30, and their use of the word "defendants" in their Response headings, Plaintiffs have offered nothing more than conclusory allegations of law and unwarranted inferences against Dr. Copeland, which means that Plaintiffs have failed to defeat Defendants' Motion to Dismiss.

**4.  Plaintiffs Have Implicitly Conceded That There is No Viable § 1983 Claim Against Dr. Copeland.**

In surveying the facts contained in the Plaintiffs' FAC and attached exhibits, it is beyond reasonable to infer that Dr. Copeland acted well within law and reason during her single examination of R.L. Plaintiff has again provided no facts to even suggest that Dr. Copeland violated the Fourth Amendment, substantive due process, or procedural due process rights of the Plaintiffs. Further, as articulated by Co-Defendant City of Vancouver's Reply (Dkt. 36), Plaintiffs' FAC falls far short of what is necessary to adequately allege an equal protection claim against Dr. Copeland. (Dkt. 36. 10:14-19.) Simply because a recitation of the law shows that a constitutional violation can in theory be alleged, does not mean that it has been properly alleged.

Nonetheless, assuming that Dr. Copeland violated Plaintiffs' constitutional rights (which she did not), Plaintiffs have once again failed to show that Dr. Copeland was a state actor who acted under color of law when she examined R.L. to provide an independent opinion. Plaintiffs have again failed to show that Dr. Copeland was acting under color of law during an alleged violation of Plaintiff's

DEFENDANTS KIMBERLEY COPELAND, MD, AND LEGACY SALMON CREEK MEDICAL CENTER'S RESPONSE TO [DKT. 33] PLAINTIFF'S CROSS-MOTION AND REPLY IN SUPPORT OF [DKT. 30] MOTION TO DISMISS UNDER FRCP 12(b)(6) - 5

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  ·  f. 253-272-0386

constitutional rights. And even if Plaintiffs had shown that Dr. Copeland had violated Plaintiffs'

constitutional rights under color of law, Dr. Copeland would still be entitled to qualified immunity. (For

judicial economy, see Defendants' Motion in Dkt. 30 for legal authority and argument on Plaintiffs'

§ 1983 assertions against Dr. Copeland and Legacy Medical, as Plaintiffs have provided no new

argument or facts on these issues.) Plaintiffs have completely failed to allege facts to establish these

essential elements of a claim under § 1983 and have thus implicitly conceded that there is no viable

§ 1983 claim against Dr. Copeland or Legacy Medical.

### 5. All State Law Actions in Plaintiffs' Claim Are Barred.

As Co-Defendant City of Vancouver sufficiently stated in its own Reply (Dkt. 36), Plaintiffs do

not anywhere dispute that they failed to serve process on any defendant within 90 days of filing the

complaint. This means the statute of limitations continued to run on all state law claims long after

Plaintiffs filed their complaint on January 21, 2020. RCW 4.16.170. Plaintiffs' state law claims against

all defendants are time barred for the reasons stated in the City of Vancouver's Motion to Dismiss, and

Plaintiffs do not attempt to dispute this. Thus, as far as Plaintiffs now intend to retroactively include Dr.

Copeland as a defendant to their scattershot state causes of action, Plaintiffs' state actions are barred.

### 6. Plaintiffs' federal claim against Dr. Copeland should be dismissed because Plaintiffs failed to timely serve Defendant Dr. Copeland.

Finally, Plaintiffs also do not in any way dispute that they failed to serve process on Dr.

Copeland within 90 days of filing as required by FRCP 4(m). Nor do Plaintiffs dispute having had

ample time to effect service. Thus, even if there were a viable § 1983 claim, Plaintiffs have implicitly

DEFENDANTS KIMBERLEY COPELAND, MD, AND LEGACY SALMON CREEK MEDICAL CENTER'S RESPONSE TO [DKT. 33] PLAINTIFF'S CROSS-MOTION AND REPLY IN SUPPORT OF [DKT. 30] MOTION TO DISMISS UNDER FRCP 12(b)(6) - 6

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA 98402
p. 253-328-7800 · f. 253-272-0386

conceded to this failure to properly serve Dr. Copeland. The federal claim against Dr. Copeland and

Legacy should thus be dismissed pursuant to FRCP 12(b)(5).


**7. <u>Conclusion</u>**

By omitting completely to mention of Dr. Copeland or Legacy in Plaintiffs' brief (Dkt. 33),

Plaintiffs have effectively failed to file anything in response to Defendant Dr. Copeland's Motion to

Dismiss for Failure to State a Claim (Dkt. 30). Plaintiff's own motion for judgment on the pleadings

under Rule 12(c), is neither proper nor applicable to Dr. Copeland. However, to the extent that

Plaintiffs' brief is considered to be applicable to Dr. Copeland and Legacy, based solely on the token

mention of "defendants," Plaintiffs have still failed entirely to address the FAC's failure to sufficiently

allege that Dr. Copeland committed a constitutional violation as a state actor acting under color of law,

or that qualified immunity would not have applied to her even if she had. Finally, no defendant was

served within 90 days of filing, which represents a failure to file any state law actions against Dr.

Copeland within the statute of limitations, and a failure to properly effect service of all federal actions

against Dr. Copeland. The Court should grant Defendants' Motion and dismiss Dr. Copeland and

Legacy from this case entirely.


DATED this 2nd day of September, 2020.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC


By: s/Ketia B. Wick, WSBA #27219
Ketia B. Wick, WSBA #27219
Attorney for Defendants Kimberly Copeland,
MD and Legacy Salmon Creek Medical
Center

DEFENDANTS KIMBERLEY COPELAND,
MD, AND LEGACY SALMON CREEK
MEDICAL CENTER'S RESPONSE TO [DKT.
33] PLAINTIFF'S CROSS-MOTION AND
REPLY IN SUPPORT OF [DKT. 30] MOTION
TO DISMISS UNDER FRCP 12(b)(6) - 7

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800  ·  f. 253-272-0386

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194
ketia@favros.com

DEFENDANTS KIMBERLEY COPELAND,
MD, AND LEGACY SALMON CREEK
MEDICAL CENTER'S RESPONSE TO [DKT.
33] PLAINTIFF'S CROSS-MOTION AND
REPLY IN SUPPORT OF [DKT. 30] MOTION
TO DISMISS UNDER FRCP 12(b)(6) - 8

**Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800 • f. 253-272-0386

1

## CERTIFICATE OF SERVICE

2

I declare under penalty of perjury of the laws of the State of Washington that on the

3

date below a copy of the foregoing *document* was forwarded for service upon counsel of record

4

as follows:

5

6

***Counsel for Plaintiff***
Kevin L. Johnson, WSBA #24784
Kevin L. Johnson, P.S.
Attorney & Counselor at Law
1405 Harrison Ave NE, Suite 204
Olympia, WA 98502
Ph: (360) 753-3066
kevinjohnson230@gmail.com

☐ Regular U.S. Mail
☐ Facsimile
☐ ABC Legal Messenger
☒ E-mail/ ECF

7

8

9

10

11

***Counsel for Defendant Cowlitz County Sheriff's Office***
Patrick McMahon. WSBA #18809
Carlson & McMahon PLLC
715 Washington Street
PO Box 2965
Wenatchee, WA 98807
Ph: (509) 662-6131
Fax: (509) 663-0679
patm@carlson-mcmahon.org

☐ Regular U.S. Mail
☐ Facsimile
☐ ABC Legal Messenger
☒ E-mail/ ECF

12

13

14

15

16

***Counsel for Defendants Laura Caruso, Child Protective Services, Sarah Coshow, Department of Social and Health Services, Kaytena Gonzalez, Mark Austin Gonzalez, Jimmy Howard, Danial Hsieh, Beth A Kutzera, Larraine Martinez, J Aaron Merino, Eimiko Murlin, Jeff Ian Murlin, Janelle E Redmond, Jaimee Scheffler, State of Washington, Steve Vallembois, and Jennifer White***
Pamela E. Glazner, WSBA #56495
Assistant Attorney General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Pamela.Glazner@atg.wa.gov

☐ Regular U.S. Mail
☐ Facsimile
☐ ABC Legal Messenger
☒ E-mail/ ECF

17

18

19

20

21

22

23

24

25

DEFENDANTS KIMBERLEY COPELAND, MD, AND LEGACY SALMON CREEK MEDICAL CENTER'S RESPONSE TO [DKT. 33] PLAINTIFF'S CROSS-MOTION AND REPLY IN SUPPORT OF [DKT. 30] MOTION TO DISMISS UNDER FRCP 12(b)(6) - 9

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
1301 A Street, Suite 900
Tacoma, WA  98402
p. 253-328-7800 · f. 253-272-0386

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

***Counsel for Defendant City of Vancouver (Vancouver Police Department)***
Daniel G. Lloyd, WSBA #34221
Assistant City Attorney
City Attorney's Office Vancouver, Washington
PO Box 1995
Vancouver, WA 98668-1995
dan.lloyd@cityofvancouver.us

☐ Regular U.S. Mail
☐ Facsimile
☐ ABC Legal Messenger
☒ E-mail/ ECF

Signed at Seattle, Washington this 2nd day of September, 2020.

/s/*Alisha P. Chand*
Alisha Chand, Legal Assistant

DEFENDANTS KIMBERLEY COPELAND, MD, AND LEGACY SALMON CREEK MEDICAL CENTER'S RESPONSE TO [DKT. 33] PLAINTIFF'S CROSS-MOTION AND REPLY IN SUPPORT OF [DKT. 30] MOTION TO DISMISS UNDER FRCP 12(b)(6) - 10

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
1301 A Street, Suite 900
Tacoma, WA 98402
p. 253-328-7800 · f. 253-272-0386