1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JO ANNA LANG,

                    Plaintiff,

        v.

STATE OF WASHINGTON, et al.,

                    Defendants.

CASE NO. C20-5057 BHS

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS AND DENYING
PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS

        This matter comes before the Court on Defendant Vancouver Police Department's

("VPD") motion to dismiss for failure to state a claim, Dkt. 29, Defendant Kimberly

Copeland's ("Copeland") motion to dismiss, Dkt. 30, Plaintiff Jo Anna Lang's ("Lang")

motion for judgment on the pleadings, Dkt. 33, Defendant Cowlitz County Sheriff's

Office's ("CCSO") motion to dismiss, Dkt. 35, and Defendants Laura Caruso, Child

Protective Services, Sarah Coshow, Department of Social and Health Services, Kaytena

Gonzalez, Mark Austin Gonzalez, Jimmy Howard, Danial Hsieh, Beth A. Kutzera,

Larraine Martinez, J. Aaron Merino, Eimiko Murlin, Jeff Ian Murlin, Janelle E.

Redmond, Jaimee Scheffler, State of Washington, Steve Vallembois, Jennifer White, and

Pamela Williams's ("State Defendants") motion to dismiss, Dkt. 42.  The Court has

considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Lang's motion and grants the other motions for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On January 21, 2020, Lang filed a complaint against numerous defendants alleging defendants deprived her and her children of their federal and state constitutional rights by removing the children from her home and placing them in abusive foster care homes.  Dkt. 1.

On March 20, 2020, Lang filed an amended complaint.  Dkt. 18.  Lang alleges that the State Defendants removed her children, R.L. and C.L., from February 3, 2017 to April 4, 2018.  Lang assert causes of action for deprivation of her federal and state constitutional rights; violation of RCW 26.44.020(1); violation of the rules of professional conduct 3.3(c), 3.3(f), and 8.4(d); harmful placement; substantive due process; defamation; wrongful death; negligent investigation; and discrimination.  *Id.*

On August 3, 2020, VPD filed a motion to dismiss.  Dkt. 29.  On August 10, 2020, Copeland filed a motion to dismiss.  Dkt. 30.  On August 25, 2020, Lang responded to VPD's motion and filed a motion for judgment on the pleadings against VPD.  Dkt. 33. On August 27, 2020, CCSO filed a motion to dismiss.  Dkt. 35.  On August 27, 2020, VPD replied.  Dkt. 36.  On September 2, 2020, Copeland replied.  Dkt. 37.

On September 14, 2020, the State Defendants filed a motion to dismiss or in the alternative for a more definite statement.  Dkt. 42.

On October 2, 2020, the Court granted Lang's motion for an extension of time to respond to the dispositive motions and renoted the motions for consideration on the Court's October 9, 2020 calendar.  Dkt. 48.  Lang, however, did not respond.  On October 6, 2020, the State Defendants and VPD responded to Lang's motion.  Dkts. 50, 51.

## II.   DISCUSSION

### A.    Lang's Motion

A motion for judgment on the pleadings before an answer is filed is premature and should be denied.  *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).  In this case, Lang improperly filed her motion for judgment on the pleadings before any defendant filed an answer.  Therefore, the Court denies the motion.

### B.    Defendants' Motions

First, Lang failed to respond to the motions to dismiss, which the Court considers an admission that the motions have merit.  *See, e.g.*, Local Rules W.D. Wash. LCR 7(d)(2).  Even though Lang filed a combined response to VPD's motion and motion for judgment on the pleadings, she didn't respond to any of VPD's arguments.  Thus, Lang failed to respond to any dispositive motion.

Second, some parties are improper defendants.  VPD is not a legal entity capable of being sued.  *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) ("a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred.").  Thus, the Court grants VPD's motion and dismisses Lang's claims with prejudice.  Although

Case 3:20-cv-05057-BHS   Document 56   Filed 11/18/20   Page 4 of 5


VPD's motion proceeds as if Lang brought her claims against the City of Vancouver, the Court declines to consider these arguments until Lang names the proper party, exhausts her administrative remedies against that party, and properly serves that party. Moreover, VPD also raises a statute of limitations issue on Lang's potential claims against the City of Vancouver, which would also bar consideration of the merits.

Similarly, CCSO argues that it is not the proper entity. Dkt. 35 at 5. The Court agrees and grants the motion to dismiss Lang's claims with prejudice. The Court also declines to consider potential claims against the proper entity Cowlitz County.

Turning to the other motions, the State Defendants and Copeland argue that the Court should dismiss Lang's claims without prejudice for failure to timely serve the complaint. Dkts. 30, 42. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Here, Lang has not only failed to submit a single proof of service but also failed to submit any other evidence or argument to establish that she timely served a defendant or, if given the opportunity, would timely serve a defendant. Therefore, the Court grants the remaining defendants' motion to dismiss and dismisses Lang's claim without prejudice.

**III.  ORDER**

Therefore, it is hereby **ORDERED** that Lang's motion for judgment on the pleadings, Dkt. 33, is **DENIED as premature**; and VPD's motion to dismiss for failure to state a claim, Dkt. 29, Copeland's motion to dismiss, Dkt. 30, CCSO's motion to dismiss, Dkt. 35, and the State Defendants' motion to dismiss, Dkt. 42, are **GRANTED**. Lang's claims against VPD and CCSO are **DISMISSED with prejudice** and claims against other defendants are **DISMISSED without prejudice**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 18th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5